```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

     DANIEL MORALES                        CIVIL ACTION

     VERSUS                                NO: 06-6683

     STATE FARM INSURANCE COMPANY          SECTION: "J" (5)
```

**ORDER**

Before the Court is plaintiffs' Motion to Remand. (Doc. 3.) The motion is opposed. For the following reasons the motion should be DENIED.

Plaintiffs' home was destroyed in Hurricane Katrina. Plaintiffs sued State Farm, a foreign business, and Mel Nelson, a Louisiana citizen. Plaintiffs bought homeowners' insurance from State Farm through their agent, Mr. Nelson, in 1990. Defendants argue that Mr Nelson was improperly joined to defeat diversity jurisdiction.

The Petition contains allegations regarding Mr. Nelson at paragraph VIII §§ 1-3 concerning the actions or inactions of Mr. Nelson at the procurement of the policy in 1990. Although plaintiff Daniel Morales avers that he relied on Mr. Nelson's expertise upon renewal each year, there are no allegations of

actions of or requests to the agent at renewal of the policy in the years subsequent to 1990.

Claims against Mr. Nelson arising from the procurement in 1990 are perempted or prescribed. Causes of action against insurance agents arising before the July 1991 effective date of La. R.S. § 9:5606 are subject to a one year prescriptive period under Louisiana Civil Code art. 3492. Causes arising after the July 1991 effective date are subject to the one year prescriptive period and the three year peremptive period contained in the statute. The peremptive period begins on the date of the alleged act, omission, or neglect. The cause of action here either arose before the July 1991 effective date, in which case the one year prescriptive period of La. Civ. Code art. 3492 would now be passed, or after the effective date (if for example the agent's action was only recently discovered), in which case the three year peremptive period would now be passed. Either way, causes of action arising from the procurement in 1990 are extinguished.

The Petition also contains allegations against Mr. Nelson at paragraph VIII §§ 4-5 concerning actions following Hurricane Katrina when he was handling plaintiffs' claims as an adjustor. The agent does not owe a duty to the insured when acting as an adjuster. *See Rosinia v. Lexington Ins. Co.*, 2006 WL 3141247 (E.D.La. Oct 31, 2006) and cases cited therein. Any liability for

the actions of State Farm's adjustor must be borne by State Farm, which has statutory and contractual duties to plaintiffs.

Plaintiffs have no possibility of recovering from defendant Mel Nelson in a state court. Therefore, he was improperly joined and his citizenship cannot defeat diversity jurisdiction.

Accordingly,

**IT IS ORDERED** that plaintiffs' Motion to Remand (Doc. 3) is **DENIED**.

New Orleans, Louisiana this the 20th day of December, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE